WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

April M. Dominguez,

               Plaintiff,

v.

Carolyn W. Colvin, Acting Commissioner
Social Security,

               Defendant.

No. CV-2012-01589-PHX-BSB

**ORDER**

Plaintiff April M. Dominguez seeks judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security (the Commissioner), denying her application for disability insurance benefits under the Social Security Act. The parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). For the following reasons, the Court reverses the Commissioner's decision and remands this matter for further administrative proceedings.

**I.     Procedural Background**

On June 15, 2009, Plaintiff applied for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 726. (Tr. 169-176.)[1] Plaintiff alleged disability beginning in 2001, due to panic disorder, agoraphobia, asthma, and diabetic gastroporesis. (Tr. 207-08.) After the Social Security Administration (SSA) denied Plaintiff's initial application and her request for reconsideration, she requested a hearing before an administrative law judge (ALJ). (Tr. 99-100, 106-09, 114-115.) After

---

    [1]    Citations to "Tr." are to the administrative record located at docket 18.

conducting a hearing, the ALJ issued a decision finding Plaintiff not disabled under the Social Security Act.   (Tr. 25-32.)   This decision became the final decision of the Commissioner when the Social Security Administration Appeals Council denied Plaintiff's request for review.  (Tr. 1-6.); *see* 20 C.F.R. § 404.981 (explaining the effect of a disposition by the Appeals Council.)   Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

The Court's scheduling order directed Plaintiff to file an opening brief within sixty days of the filing of the answer and record.  (Doc. 7.)  On February 26, 2013, Defendant filed an Answer to the Complaint.  (Doc. 16.)   At the same time, Defendant filed a Motion to Remand to the Social Security Administration for further administrative proceedings and conceded that the ALJ had committed legal error.   (Doc. 17 at 5.) Plaintiff has not filed an opening brief and the deadline to do so has passed.   Plaintiff, however, filed a response to the motion to remand in which she argues that the Court should reverse the Commissioner's decision and remand for an immediate award of benefits.  (Doc. 19.)   Therefore, the Court will consider Defendant's motion to remand and whether to remand for an immediate award of benefits or for further administrative proceedings.

## II.   Relevant Background Regarding Medical Record

At the time of the administrative hearing, Plaintiff was in her early forties and had a high school education.  (Tr. 169, 208.)  Plaintiff's past relevant work included certified nurse's aide.  (Tr. 212.)  As set forth below, the medical evidence reflects that different medical sources provided various opinions about Plaintiff's restrictions caused by her medical impairments.

On February 10, 2009, John Prieve, DO, performed a consultative examination at the request of the Commissioner.  (Tr. 462.)  He opined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand or walk six hours intermittently throughout an eight-hour day, occasionally climb ramps and stairs, never

1  climb ladders, frequently stoop, kneel, crouch, and crawl, occasionally to frequently

2  handle, finger, and feel; and that she should avoid unprotected heights.  (Tr. 465-66.)

3         On April 17, 2009, Plaintiff's treating physician, R. Bhakta, opined that Plaintiff

4  had severe gastroporesis, asthma, neuropathy, hypothyroidism, and carpal tunnel

5  syndrome.[2]  (Tr. 791.)  Dr. Bhakta found that Plaintiff could lift and carry less than ten

6  pounds, sit more than two hours but less than three hours in an eight-hour day, stand

7  more than two hours but less than three hours in an eight-hour day, walk less than one

8  hour in an eight-hour day, occasionally use her hands and feet repetitively, occasionally

9  reach, crouch, and kneel, never bend, crawl, climb, stoop, or balance, never work around

10  unprotected heights, moving machinery, marked changes in temperature and humidity, or

11  environmental irritants, and never drive automotive equipment.  (Tr. 791-92.)

12         On October 19, 2009, Dr. Bhakta completed another form stating that Plaintiff

13  could lift and carry less than ten pounds, sit more than two hours but less than three hours

14  in an eight-hour day, stand or walk less than two hours in an eight-hour day, never use

15  her feet repetitively, occasionally use her hands repetitively, occasionally bend, crawl,

16  climb, reach, stoop, balance, crouch, and kneel, never work around unprotected heights,

17  moving machinery, marked changes in temperature and humidity, or environmental

18  irritants, and never drive automotive equipment.  (Tr. 797-98.)  Dr. Bhakta indicated that

19  in addition to the previous diagnoses, Plaintiff had severe lumbar radiculopathy and

20  neuropathy in her legs that caused difficulty walking.  (Tr. 797.)

21         On February 11, 2010, Stephanie Jenkinson, M.D., performed a consultative

22  examination of Plaintiff and found that Plaintiff's only limitation was working around

23  heights due to her morbid obesity.  (Tr. 806-10.)  Dr. Jenkinson opined that Plaintiff's

24  hand numbness could be corrected by carpal tunnel release surgery.  (Tr. 810.)

25         On October 21, 2010, Dr. Bhakta again completed the form that she had

26  completed the previous year and assessed that Plaintiff's restrictions were similar to her

27

28         [2]    The parties spell Dr. Bhakta's last name "Bhakta" and "Bahkta."  The Court uses the spelling in the medical records, Bhakta.  (*See* Tr. 798.)

1    previous restrictions.  However, Dr. Bhakta found that instead of never using her feet

2    repetitively, Plaintiff could frequently use her feet repetitively.  Dr. Bhakta also found

3    that, instead of occasionally balancing, Plaintiff could never balance, instead of a total

4    restriction on driving automotive equipment, Plaintiff had no driving restrictions, and

5    instead of a total restriction in working around environmental irritants, Plaintiff had

6    moderate restrictions.  (Tr. 867-68).

7    **III.   The ALJ's Decision**

8    A claimant is considered disabled under the Social Security Act if he is unable "to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which has

11   lasted or can be expected to last for a continuous period of not less than 12 months."  42

12   U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A) (nearly identical standard for

13   supplemental security income disability insurance benefits).  To determine whether a

14   claimant is disabled, the ALJ uses a five-step sequential evaluation process.  *See* 20

15   C.F.R. § 404.1520, § 416.920.

16   In the first two steps, a claimant seeking disability benefits must initially

17   demonstrate (1) that he is not presently engaged in a substantial gainful activity, and (2)

18   that his disability is severe. 20 C.F.R. § 404.1520(a) (c).  If a claimant meets steps one

19   and two, he may be found disabled in two ways at steps three and four.  At step three, he

20   may prove that his impairment or combination of impairments meets or equals an

21   impairment in the Listing of Impairments found in Appendix 1 to Subpart P of 20 C.F.R.

22   pt. 404. 20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is presumptively disabled.  If

23   not, the ALJ proceeds to step four.  At step four, a claimant must prove that his residual

24   functional capacity (RFC) precludes him from performing his past work. 20 C.F.R.

25   § 404.1520(a)(4)(iv).  If the claimant establishes this prima facie case, the burden shifts

26   to the government at step five to establish that the claimant can perform other jobs that

27   exist in significant number in the national economy, considering the claimant's RFC, age,

28

1   work experience, and education.  If the government does not meet this burden, then the

2   claimant is considered disabled within the meaning of the Social Security Act.

3        Applying the five-step sequential evaluation process, the ALJ found that Plaintiff

4   had not engaged in substantial gainful activity during the relevant period.  (Tr. 27.)  At

5   step two, he found that Plaintiff had severe carpal tunnel syndrome and obesity.  (*Id*.)  At

6   step three, the ALJ found that Plaintiff did not have an impairment or combination of

7   impairments that met or medically equaled one of the impairments listed in 20 C.F.R. pt.

8   404, subpt. P, app. 1.  (Tr. 28.)  The ALJ then found that Plaintiff had the residual

9   functional capacity to perform light work with occasional handling, fingering and feeling.

10  (Tr. 28.)  The ALJ relied on vocational expert testimony that, although Plaintiff could not

11  perform her past relevant work, she could perform other jobs existing in significant

12  numbers in the national economy, such as surveillance system monitor and call out

13  operator.  (Tr. 32.)  Accordingly, the ALJ found that Plaintiff was not disabled under the

14  Act.  (*Id*.)

15  **IV.    Standard of Review**

16       The district court has the "power to enter, upon the pleadings and transcript of

17  record, a judgment affirming, modifying, or reversing the decision of the Commissioner

18  of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C.

19  § 405(g).   The district court must affirm the Commissioner's final decision if it is

20  supported by substantial evidence and it is free from legal error.  *Smolen v. Chater*, 80

21  F.3d 1273, 1279 (9th Cir. 1996); *Ryan v. Comm'r of Soc. Sec. Admin*., 528 F.3d 1194,

22  1198 (9th Cir. 2008).  Even if the ALJ erred, however, "[a] decision of the ALJ will not

23  be reversed for errors that are harmless."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

24  2005).

25       Under this standard of review, substantial evidence means more than a mere

26  scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind

27  might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389,

28  401 (1971) (citations omitted); *see also Webb v Barnhart*, 433 F.3d 683, 686 (9th Cir.

1   2005).   In determining whether substantial evidence supports a decision, the court

2   considers the record as a whole and "may not affirm simply by isolating a specific

3   quantum of supporting evidence."   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)

4   (internal quotation and citation omitted).

5          The court also may not "affirm the ALJ's . . . decision based on evidence that the

6   ALJ did not discuss."   *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *see also*

7   *SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (emphasizing the fundamental rule of

8   administrative law that a reviewing court "must judge the propriety of [administrative]

9   action solely by the grounds invoked by the agency" and stating that if "those grounds are

10  inadequate or improper, the court is powerless to affirm the administrative action by

11  substituting what it considers to be a more adequate or proper basis.").

12         The ALJ is responsible for resolving conflicts in testimony, determining

13  credibility, and resolving ambiguities.   *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

14  Cir. 1995).   "When the evidence before the ALJ is subject to more than one rational

15  interpretation, [the court] must defer to the ALJ's conclusion." *Batson v. Comm'r of* Soc.

16  *Sec. Admin*., 359 F.3d 1190, 1198 (9th Cir. 2004) (citing *Andrews*, 53 F.3d at 1041).

17  **V.     Weight Assigned to Treating Physicians' Opinions**

18         The parties agree that the ALJ erred by failing to properly evaluate the opinions of

19  Plaintiff's treating physician Bhakta.  (Docs. 17 at 5, Doc. 19 at 1.)  Plaintiff asserts, as

20  she argued during the administrative proceedings, that the ALJ failed to give legally

21  sufficient reasons for rejecting Dr. Bhakta's opinions.  (Doc. 19 at 1, citing Tr. 271-272.)

22         Treating physicians' opinions are entitled to more weight than the opinions of

23  other physicians because such physicians are "employed to cure and [have] a greater

24  opportunity to observe and know the patient as an individual." *Sprague v. Bowen*, 812

25  F.2d 1226, 1230 (9th Cir. 1987); *Smolen*, 80 F.3d at 1285.  An ALJ may reject a treating

26  physician's uncontradicted medical opinion but may do so only when based on "clear and

27  convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 31 (9th Cir. 1995).  When such

28  an opinion is contradicted, however, the ALJ may reject it by providing "specific and

1   legitimate reasons that are supported by substantial evidence in the record." *Id*.  "The

2   ALJ can meet this burden by setting out a detailed and thorough summary of the facts and

3   conflicting clinical evidence, stating his interpretation thereof, and making findings."

4   *Magallanes v. Bowen*, 881 F.2d 747,751 (9th Cir. 1989) (citation omitted).

5   　　　The record reflects that the ALJ gave legally insufficient reasons for rejecting the

6   treating physician's assessments.  The ALJ stated that he gave "little weight" to the

7   opinions of treating physician Bhakta because they were "inconsistent with the overall

8   medical evidence."  (Tr. 30.)  The ALJ, however, did not sufficiently identify the other

9   medical evidence with which the treating physician's opinions were inconsistent.  *See*

10   *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("[t]o say that medical opinions are

11   not supported by sufficient objective findings or are contrary to the preponderant

12   conclusions mandated by the [required] objective findings does not achieve the level of

13   specificity").  The ALJ must do more than offer his conclusions.  "He must set forth his

14   own interpretations and explain why they, rather than the doctors' are correct."  *Embrey,*

15   849 F.2d at 422.  As the parties agree, the ALJ did not give sufficient specific and

16   legitimate reasons, let alone "clear and convincing" reasons, for rejecting the assessments

17   of Dr. Bhakta.

18   　　　Although the parties agree that the ALJ committed legal error in rejecting

19   Dr. Bhakta's opinions without providing legally sufficient reasons, they disagree as to the

20   appropriate remedy.   Defendant seeks an order remanding this matter for further

21   administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 16.)

22   Plaintiff, on the other hand, seeks an order remanding for an award of benefits.

23   (Doc. 19.)   As discussed below, the Court finds remand for further proceedings

24   appropriate in this case.

25   **VI.   Whether to Remand for Further Proceedings or for an Award of Benefits**

26   　　　This Court has discretion to reverse and remand this case for further administrative

27   proceedings or for an immediate award of benefits.  *See* 42 U.S.C. § 405(g) (sentence

28   four); *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  "[R]emand for

further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded when "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen*, 80 F.3d at 1292; *see also McCartey*, 298 F.3d at 1076-77.

However, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).  "[T]he proper course, except in rare circumstances, is remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).  The Ninth Circuit has held that when "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (remanding "to the Secretary for proper consideration of step three equivalence").

Additionally, when an ALJ fails to "give sufficiently specific reasons for rejecting the conclusion of [a treating physician]," it is appropriate to remand the matter for "proper consideration of the physicians' evidence."  *See Embrey*, 849 F.2d at 422 (remanding for further proceedings when ALJ rejected opinion of treating physician but did not relate objective factors on which he relied to reject the opinion); *see also Nguyen v. Chater*, 100 F.3d 1462, 1464-65 (9th Cir. 1996) (remanding for further proceedings where ALJ failed to "set forth specific, legitimate reasons" for crediting opinion of nonexamining consultant over that of examining psychologist).

After consideration of this matter, the Court exercises its discretion to remand this matter for further proceedings and consideration of the record because "[t]here may be evidence in the record to which the [ALJ] can point to provide the requisite . . . reasons for disregarding" Dr. Bhakta's opinions and the "Secretary is in a better position than this court to perform this task." *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (remanding to allow the Secretary to review the record and provide legally sufficient reasons for rejecting the treating physician's report and, alternatively, permitting the Secretary to award benefits). Alternatively, after proper review of the record, the Commissioner may award benefits. *See id.*

The Court also agrees with Defendant that remand is appropriate because the record includes conflicting opinions concerning the severity of Plaintiff's impairments. Between April 2009 and October 2010, Dr. Bhakta, opined that Plaintiff could not perform sedentary work activities. (Tr. 791-92, 797-98, 867-68.) In February 2009, examining physician Prieve opined that Plaintiff could perform a range of light work. (Tr. 465-66.) In February 2010, examining physician Jenkinson opined that Plaintiff's only limitation was working around heights due to her morbid obesity. (Tr. 810.) The state agency physicians reviewed Plaintiff's medical records in September 2009 and March 2010, and assessed functional limitations consistent with a range of light medium work. (Tr. 645-52, 811-18.) Thus, the medical evidence is in conflict concerning the degree of limitation caused by Plaintiff's impairments.[3]

---

[3] Defendant also argues that the record does not fully support Plaintiff's claims of debilitating impairments because Plaintiff did not follow through with carpal tunnel surgery in June 2009. (Doc. 17 at 5.) As Plaintiff explains, in June 2009, she was scheduled for a surgical consultation, not surgery. (Tr. 481, 677.) However, the Court does not resolve any issues related to the ALJ's determination of Plaintiff's credibility.

Defendant further argues that Plaintiff's adoption of her young grandchildren in 2009 is inconsistent with her complaints of limitations. The Court declines to determine whether the ALJ's determination of Plaintiff's credibility based on her activities was error because it is not necessary to the Court's determination of whether to remand for further proceedings.

**VII.    Conclusion**

For the reasons discussed in this Order, the Commissioner's decision is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to allow the Commissioner to review the record and attempt to provide legally sufficient reasons based on substantial evidence for assigning little weight to the opinions of Plaintiff's treating physician. Alternatively, the Commissioner may decide to award benefits.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Remand (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is reversed and this matter is **REMANDED** for further proceedings as set forth in this Order. The Clerk of Court is directed to terminate this action.

Dated this 1st day of October, 2013.

Bridget S. Bade
United States Magistrate Judge